UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EARNEST TATE,

        Plaintiff,

v.

GREIF, INC., et al.,

        Defendants.

Case No. 2:21-cv-5099
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Before the Court is Defendants' Motion for Reconsideration (ECF No. 32), Plaintiff's Memorandum in Opposition (ECF No. 34), and Defendants' Reply (ECF No. 35). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

### I.

Defendants Greif, Inc. and the Newark Group have has asked for reconsideration of this Court's decision that conditionally certified the following collective pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b):

> All operators, quality control technicians, and/or material handlers employed by Defendant Greif, Inc. at one or more of its industrial products, paper packaging products and/or reconditioning and recycling plants in the United States.

(ECF No. 31.)

The Sixth Circuit has indicated that "courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)

(cleaned up and citation omitted). "[D]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.").

## II.

Defendants posit that this Court should revisit its Opinion and Order because it "erred and imposed a manifest injustice in certifying a collective that includes persons who do not work for Defendants, but in reality work for other entities who are not parties to this suit." (Defs' Mot. at 3, ECF No. 32.) Defendants contend:

> Here, the Court should limit the proposed collective in proportion to the evidence offered in support thereof. . . . Because Plaintiff and the opt-ins offer no evidence related to facilities where they did not work, and those facilities vary significantly from the declarants' facilities in terms of the work performed, the industry, and the employer entity, the Court should follow the evidence and limit the scope of the proposed collective accordingly.

(Defs' Mot. at 9, ECF No. 32.)

Defendants explain that because the thirteen subsidiary employers that make up Grief's Holding Company employ "more than 3,400 persons at 124 different facilities" that engage in a "variety of operations in various industries, from operating recycling facilities, to operating paper mills, to manufacturing steel drums, to providing packaging services" a more searching inquiry at the certification stage is appropriate. The Court agrees that this inquiry is certainly something on which courts' focus and it finds that this inquiry *can be* done without infringing upon the lenient first-stage analysis to which this Court is bound. *Comer v. Wal-Mart Stores, Inc.*, 454

2

F.3d 544, 547 (6th Cir. 2006) (determining whether employees are similarly situated to the plaintiff and thus eligible to receive a court-approved notice). Yet, looking generally at job categories is not very helpful. For example, job category is of little import where a plaintiff is employed as a driver for company x and contends that she and the other employees who work as drivers, mechanics, and laborers were subjected to the same policy of required and necessary work off the clock.

In the instant action, Plaintiff has put forth declarations from himself and Justin Snyder who were employed by Defendant the Newark Group, Inc., Marshall Chatman, Luis Ibarra, Raul Martinez and Cory Reidenbach who were employed at Greif Packaging LLC, Jorge Recinos and Luis Velasquez who were employed at Caraustar Custom Packaging Group, Inc., Cordarro Lambert who was employed at Caraustar Industrial & Consumer Products Group, Inc., and Aaron De La Rosa who was employed at Delta Petroleum Co., Inc. Defendants took issue with the content of the declarations and that they did not come from employees at all thirteen Grief subsidiaries. This Court disagreed with Defendants' position, explaining in detail in its Opinion and Order certifying a collective that the quality and the quantity of the affidavits was sufficient at the first stage of certification. A plaintiff need not submit affidavits from employees at every location from where potential opt-ins work. Here, however, it is relevant that the Greif subsidiaries' employees have varied job duties and employment settings and that there are only two of the thirteen employers named as defendants.

Plaintiff made a persuasive argument that in this circuit, courts have conditionally certified collectives that included employees from subsidiaries or related entities that were not named defendants. For example, in *Weisgarber v. N. Am. Dental Grp., LLC*, Case No. 4:18CV2860, 2020 U.S. Dist. LEXIS 48398 (N.D. Ohio March 20, 2020) and *Kuchar v. Saber*

3

*Healthcare Holdings, LLC*, 2021 U.S. Dist. LEXIS 12785 (N.D. Ohio July 9, 2021), two sister district courts recently conditionally certified a FLSA collective that was made up of employees of subsidiaries or third party associated entities that were not named as defendants. In *Weisgarber* the class consisted of office managers at dental offices including those "who work for third parties associated with [Defendant]" and who Plaintiff contended were joint employers. *Weisgarber*, 2020 U.S. Dist. LEXIS 48398, *16. The *Weisgarber* court stated that whether these entities were joint employers with Defendant "is more appropriately resolved in the next stage of litigation." *Id. Weisgarber* supports Plaintiff's position that the joint employer issue is more appropriately resolved at the later stage of litigation. *Weisgarber*, however, was in a different procedural posture when it issued its decision conditionally certifying the class. That is, the parties had engaged in discovery and that discovery showed that the training for all of these third party entities was done by Defendant North American Dental Management, LLC. Unlike Plaintiff here, the *Weisgarber* plaintiff was in a position to offer more evidence than is required at the pre-discovery phase.

Similarly, in *Kuchar* the class was made up of nurses and coordinators who collected and created patient care reports at Defendant and its other 122 nursing facilities that were not named as defendants. After limited discovery, the evidence showed that these non-defendant entities potentially subjected their employees to the same unwritten FLSA-violating policy of unpaid overtime work.

The Court, therefore, reconsiders its decision to make individuals employed by these non-defendant subsidiaries part of the collective at this stage. Accordingly, while the Court rarely finds it appropriate to modify an existing order pursuant to a request for reconsideration, it hereby modifies the previous conditionally certified class to the following:

> All operators, quality control technicians, and/or material handlers employed by Defendant the Newark Group and those subsidiaries of Grief at which the opt-in plaintiff declarants were employed.

Finally, the Court notes that the *Weisgarber* and *Kuchar* courts had permitted limited discovery directed at the evidence of similarity between the potential opt-ins, information that Plaintiff here has not been privy but that is presumably in the control of Defendant Grief. Thus, the Court finds it appropriate to follow its sister district court's handling of the *Kuchar* case and will permit Plaintiff to engage in discovery not only related to the conditionally certified class, but also as to Grief subsidiaries. Specifically, Plaintiff shall be permitted discovery from Grief pertaining "narrowly to conditional certification under the FLSA. . . . [with] written discovery limited only by the general admonition that discovery be 'proportional to the needs of the case.' (*Weisgarber*, 4:18-cv-2860, slip op. ECF No. 27, ¶ 10) (citing Fed. R. Civ. P. 26(b)(1). "Rule 30(b)(6) depositions . . . shall be conducted according to an agreed-upon list of discrete topics." *Id*. At the end of this limited discovery period, Plaintiff may move to modify the class definition if it is appropriate to do so.

## III.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Reconsideration. (ECF No. 32.) This case remains open and pending.

**IT IS SO ORDERED.**

10-24-2022
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5